UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **EUGENE SCALIA**, Secretary, of Labor, United States Department of Labor,<br><br>          Plaintiff,<br><br>    v.<br><br>**PORKCHOP HYDE PARK, LLC;** and **JOVANIS ANIS BOUARGOUB**, an individual,<br><br>          Defendants. | Civil action no.: 19-cv-7719<br><br>Legal and equitable relief sought |

# COMPLAINT

**EUGENE SCALIA,** Secretary of Labor, United States Department of Labor, ("Secretary") brings this action to enjoin defendants **PORKCHOP HYDE PARK, LLC** and **JOVANIS ANIS BOUARGOUB,** an individual, (collectively "defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq*.), ("the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

## I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

1

II

**A.**     Defendant, Porkchop Hyde Park, LLC ("Porkchop Hyde Park") is and, at all times hereinafter mentioned, was a limited liability company with an office and a place of business at 1516 E. Harper Court, Chicago, Illinois 60615 in Cook County, within the jurisdiction of this court; and is and, at all times hereinafter mentioned, was engaged under the name and style of Porkchop in the operation of a bar and restaurant and in the performance of related activities.

**B.**     Defendant Jovanis Anis Bouargoub ("Bouargoub"), an individual, is the owner of Defendant Porkchop Hyde Park and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the Porkchop Hyde Park in relation to their employees, including, but not limited to daily supervision, hiring, and firing.  At all times hereinafter mentioned, defendant Bouargoub was engaged in business within Cook County within the jurisdiction of this court.  Bouargoub acted directly or indirectly in the interest of Porkchop Hyde Park in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

III

Defendant Porkchop Hyde Park is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and each is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

Defendant Porkchop Hyde Park is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that at all times hereinafter mentioned it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. Specifically, defendants failed to pay tipped employees minimum wage by failing to pay any cash wages resulting in employees receiving less than the applicable minimum wage rate of $7.25.

VI

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in

3

commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants had tipped employees only rely on their tips for their compensation and paid cooks straight time for all hours worked.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the total hours worked each workday, and the total hours worked each workweek, and amounts paid to employees.

## VIII

During the period since November 22, 2017, defendants repeatedly have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

  (c)  For an Order awarding plaintiff the costs of this action; and

  (d)  For an Order granting such other and further relief as may be necessary or appropriate.

                 Respectfully Submitted,

                 KATE S. O'SCANNLAIN
                 Solicitor of Labor

                 CHRISTINE Z. HERI
                 Regional Solicitor

                 /s/ Bruce C. Canetti
                 BRUCE C. CANETTI
                 Senior Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor        Attorneys for EUGENE SCALIA
Office of the Solicitor         Secretary of Labor, United States
230 South Dearborn Street       Department of Labor, Plaintiff
Eighth Floor
Chicago, Illinois 60604
Telephone: 312/353-3271
canetti.bruce@dol.gov
IL Bar No.: 6285867

**<u>Exhibit A</u>**

Aranda, Anai
Avila, Lumey
Crossland, Travianna
Quiroz, Norma
Richardson, Michael
Williams, Kiara